# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT
DISTRICT OF NEW MEXICO
99 AUG 17 PH 1: 15

CLERK - LAS CRUCES

STEPHANIE STILLMAN,

    Plaintiff,

vs.                                                              Civ. No. 97-956 HB/JHG

LAGO RICO, INC.
d/b/a MARINA DEL SUR,

    Defendant,

vs.

OUTBACK STEAKHOUSE
OF FLORIDA, INC.,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Boat Act

Claims, filed January 7, 1999. Defendant Lago Rico moves the Court to dismiss Plaintiff's New

Mexico Boat Act (the Act), N.M.Stat.Ann. § 66-12-17, claims contending the Act violates the

Equal Protection Clause of the Fourteenth Amendment as incorporated through the Due Process

Clause of the Fifth Amendment. Additionally, Lago Rico claims the Act's classification is not

rationally related to a legitimate governmental interest which in this case is to promote safety.

Finally, Lago Rico claims the Act conflicts with New Mexico law. Having considered the

motion, the memoranda in support and in opposition, and the applicable law, the Court finds that

the motion is not well taken and will be denied.

## I. Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the

complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling him to

relief, or that the court could not grant relief under any set of facts plaintiff could prove

consistent with his allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley*

*Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).

## I. Factual Background

On April 30, 1996, Plaintiff, as an employee of Outback Steakhouse (Outback), attended

an Outback sponsored outing at Elephant Butte Lake in New Mexico. Outback rented two 1996

Polaris SLT 700 personal water craft for use by its employees from Lago Rico. Before renting

the personal water craft, Lago Rico required that Outback sign its Standard Boat Rental

Agreement. The Standard Rental Agreement provided in part:

> Lessee further agrees to indemnify and hold harmless the Lessor from and against
> any and all claims for loss of or damage to property or injury to persons
> (including death) resulting through the use, operation or possession of said rental
> craft.

Nicole Kern, also an employee of Outback, was operating one of the water craft when she

collided with Joanna Soltis, a guest of one of the Outback employees, who was operating the

other water craft rented by Outback. Plaintiff was a passenger on the water craft operated by

Joanna Soltis. As a result of the collision, Plaintiff suffered serious injuries. Subsequently,

2

Plaintiff brought this action against Lago Rico, alleging negligence, strict liability, and gross negligence. On October 31, 1997, Lago Rico brought a third-party complaint against Bryan Soltis. On February 5, 1998, Lago Rico brought a third-party complaint against Joanna Soltis, Nicole Kern, and Outback.[1]

## III. Discussion

### A. Equal Protection Claim

There is no dispute that the Act should be subject to rational basis scrutiny. Rational-basis scrutiny represents the least stringent level of scrutiny. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. This is a directive that all persons similarly situated should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Generally, legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude. *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174 (1980). Moreover, the burden falls on Lago Rico to show that the Act is irrational or arbitrary and cannot further a legitimate governmental interest. *United States v. Phelps*, 17 F.3d 1334, 1345 (10th Cir.1994), *cert. denied*, 513 U.S. 844 (1994).

In this case, the relevant class is the class of "boat owners" and not "dangerous

---

[1] On July 15, 1998 and upon stipulation by the parties, the Court dismissed with prejudice all claims against Bryan Soltis, Joanna Soltis, and Nicole Kern.

instrumentalities" as Lago Rico argues. The Act treats all boat owners alike. The Court finds the

Act is rationally related to the State's interest of promoting boat safety and financial

accountability to boating accident victims. Accordingly, the Court finds that the Act does not

violate the Equal Protection Clause.

In a separate Memorandum Opinion the Court ruled the indemnification agreement

between Lago Rico and Outback was valid and enforceable. Therefore the Court will not address

Lago Rico's argument that the Act is unconstitutional "should this Court construe the Boat Act

as requiring that a boat owner bear all of the damages . . . without indemnification from the

tortfeasor."

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Boat Act

Claims is DENIED.

**HOWARD C. BRATTON**
**UNITED STATES DISTRICT JUDGE**