IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
99 AUG 17 PM 1:29

CLERK - LAS CRUCES

STEPHANIE STILLMAN,

    Plaintiff,

vs.                                            Civ. No. 97-0956 HB/JHG

LAGO RICO, INC.
d/b/a MARINA DEL SUR,

    Defendant and
    Third-Party Plaintiff,

vs.

OUTBACK STEAKHOUSE
OF FLORIDA, INC.,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Outback Steakhouse of Florida, Inc.'s (Outback) and Defendant Lago Rico, Inc.'s (Lago Rico) cross-motions for summary judgment. Outback asserts it is entitled to summary judgment dismissing the contractual indemnification claims against it because the Standard Boat Rental Agreement it entered into with Lago Rico is void as against public policy and also constitutes a contract of adhesion and thus is unenforceable. Defendant Lago Rico counters it is entitled to summary judgment because Outback is liable to indemnify it because Outback entered into a valid and enforceable indemnification agreement and because Outback is liable under common law indemnity for the negligence of its employees. Having reviewed the cross-motions for summary judgment, the

memoranda in support and in opposition, and the applicable law, the Court finds that Outback's motion is not well taken and will be denied. The Court further finds that Lago Rico's motion for summary judgment on its claim for contractual indemnification is well taken and will be granted.

## II. Summary Judgment Standard

This Court will grant summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant carries the burden of establishing there are no genuine issues of material fact, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), but may discharge its burden by showing there is an absence of evidence to support the non-movant's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant meets its burden, the burden shifts to the non-movant to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). In making its summary judgment determination, the court looks at the pleadings and documentary evidence in the light most favorable to the non-movant, *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir. 1991), and the movant must show beyond a reasonable doubt it is entitled to summary judgment, *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 743 (10th Cir. 1991). However, once the burden shifts to the non-movant, that party may not rest on its pleadings but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp.*, 477 U.S. at 324. If the non-movant cannot make such a showing, after adequate time for discovery, summary judgment is mandated. *Id.* at 322.

## I. Factual Background

On April 30, 1996, Plaintiff, as an employee of Outback, attended an Outback sponsored

outing at Elephant Butte Lake in New Mexico. Outback rented two 1996 Polaris SLT 700 personal water craft for use by its employees from Lago Rico. Lago Rico required Outback sign its Standard Boat Rental Agreement before it could rent the personal water craft. The Standard Boat Rental Agreement provided:

> Lessee further agrees to indemnify and hold harmless the Lessor from and against any and all claims for loss of or damage to property or injury to persons (including death) resulting through the use, operation or possession of said rental craft.

Nicole Kern, also an employee of Outback, was operating one of the water craft when she collided with Joanna Soltis, a guest of one of the Outback employees, who was operating the other water craft rented by Outback. Plaintiff was a passenger on the water craft operated by Joanna Soltis. As a result of the collision, Plaintiff suffered serious injuries. Subsequently, Plaintiff brought this action against Lago Rico, alleging negligence, strict liability, and gross negligence. On October 31, 1997, Lago Rico brought a third-party complaint against Bryan Soltis. On February 5, 1998, Lago Rico brought a third-party complaint against Joanna Soltis, Nicole Kern, and Outback.[1]

### III. Discussion

#### A. The Contractual Indemnification Clause

Outback claims Lago Rico seeks indemnification pursuant to the indemnification provision in the Standard Boat Rental Agreement for its own negligence and thus is void and unenforceable as against public policy. Lago Rico counters it is not seeking indemnification for

---

[1] On July 15, 1998 and upon stipulation by the parties, the Court dismissed with prejudice all claims against Bryan Soltis, Joanna Soltis, and Nicole Kern.

3

its own negligence, but rather, it is seeking indemnification for any damages it sustains as a result of injuries caused to the Plaintiff through the negligence of Outback's employees in the use of the rented water craft.

The language in the indemnification agreement is clear that Outback will indemnify Lago Rico for the "use, operation or possession of said rental craft." Outback rented the water craft for use by its employees. Therefore, Lago Rico seeks indemnification for the damages Plaintiff sustained from the alleged negligent "use or operation" of the rented water craft by Outback employees. Therefore, Outback's argument that Lago Rico seeks indemnification for its own negligence is without merit. Accordingly, Outback's motion for summary judgment on the grounds that the indemnification agreement is void as against public policy is denied.

## B. Contract of Adhesion

In order for the Court to find that a contract is one of adhesion, three elements must be satisfied. *H. J. Guthmann v. La Vida Llena*, 103 N.M. 506, 509 (1985). First, the agreement must occur in the form of a standardized contract prepared or adopted by one party for the acceptance of the other. *Id.* Second, the party proffering the standardized contract must enjoy a superior bargaining position because the weaker party virtually cannot avoid doing business under the particular contract terms. *Id.* Finally, the contract must be offered to the weaker party on a take-it-or-leave-it basis, without opportunity for bargaining. *Id.* Moreover, "[a] court will refuse to enforce an adhesion contract or a provision thereof only when the contract or provision is unfair." *Id.*

The Standard Rental Boat Agreement is a standard form contract, so Outback has met the first element. For Outback to satisfy the second element, it " may be deemed unable to avoid

4

doing business under the terms of a standardized form contract 'when the dominant contracting party has monopolized the relevant geographic . . . market or when all the competitors of the dominant party use essentially the same contract terms.'" *Id.* Assuming without deciding that Outback has satisfied the second element, Outback has produced no evidence to show Outback objected to the indemnification provision. "An absence of opportunity to bargain is relevant only where the weaker party to a standard form contract objects or has reason to object to one or more of the contract terms." Id. at 510. Therefore, Outback has failed to satisfy the third element. The Court finds that the Standard Boat Rental Agreement is not a contract of adhesion. Accordingly, the Court finds that Outback's motion for summary judgment on the ground that the Standard Boat Rental Agreement is a contract of adhesion is denied.

In conclusion, the Court finds the Standard Boat Rental Agreement is not void and is enforceable.

### C. Workers' Compensation Act

Outback contends the Workers' Compensation Act bars Lago Rico's indemnification claim. However, "the workmen's compensation statute does not bar an indemnity claim by a third party against an employer when that claim is based on an express contract of indemnity." *City of Artesia*, 94 N.M. 311, 314 (Ct.App. 1980). In this case, there is a valid express contract of indemnity between Outback and Lago Rico. Therefore, the Workers' Compensation Act does not bar Lago Rico's indemnification claim. The Court's ruling on this issue will dispose of Outback's pending Motion to Dismiss.

NOW, THEREFORE,

**IT IS HEREBY ORDERED** that Outback's Motion for Summary Judgment is DENIED.

**IT IS FURTHER ORDERED** that Lago Rico's Motion for Summary Judgment on its claim for contractual indemnification is well taken and is GRANTED.

**IT IS FURTHER ORDERED** that Outback's Motion to Dismiss, filed June 2, 1998, is dismissed as moot.

_____
**HOWARD C. BRATTON
UNITED STATES DISTRICT JUDGE**